HLD-017                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1956
_____

IN RE: TIMOTHY BAUKMAN,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Criminal No. 2:05-cr-00440-008)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 24, 2025
Before:  Chief Judge CHAGARES, HARDIMAN, and PORTER, Circuit Judges

(Opinion filed: July 28, 2025)
_____

OPINION*
_____

PER CURIAM

        Timothy Baukman has filed a petition for a writ of mandamus.  For the reasons

that follow, we will deny the petition.

        In 2010, Baukman was sentenced to 360 months in prison after being convicted of

drug trafficking and money laundering charges.  We affirmed his convictions and

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

sentence on appeal. See United States v. Coles, 558 F. App'x 173, 188-89 (3d Cir. 2014).

In June 2023, Baukman filed a pro se document in the District Court. The document was titled "Memorandum" and was docketed as such. In the document, Bauman requested that the District Court delete paragraph #38 from his Presentence Investigation Report (PSR) pursuant to Fed. R. Crim. P. 36. In May 2025, Baukman filed this petition for mandamus requesting that we order the District Court to act on his filing. Two weeks later, the Government filed a response to his filing, which it construed as a Rule 36 motion, in the District Court. The Government explained that it had not responded to the motion earlier because at the time he filed the document, Baukman was represented by counsel on a motion filed pursuant to 28 U.S.C. § 2255, and it believed he was not entitled to hybrid representation.

The writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, Baukman must establish that there is no alternative remedy or other adequate means to obtain the desired relief and must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Ct., 426 U.S. 394, 403 (1976). As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Nonetheless, mandamus may be warranted where a District Court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

2

While there has been delay in the District Court proceedings with respect to this motion, the Government has now filed its response, and we are confident that the District Court will adjudicate the motion within an appropriate time.

For the above reasons, we will deny the petition for a writ of mandamus without prejudice to refiling if the District Court does not decide the motion within 60 days.